## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DONNA NOTAFONZO,                    *

      Plaintiff,              *

    vs.                             *   CASE NO. 6:15-cv-1747-ORL-31-TBS

BIG LOTS, INC., and                 *
PROG LEASING, L.L.C.,
d/b/a PROGRESSIVE LEASING           *

      Defendant.              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWER TO COMPLAINT

Progressive, Prog Leasing, L.L.C. d/b/a Progressive Leasing ("Progressive") hereby answers the Complaint filed against it by Plaintiff, Donna Notofonzo ("Plaintiff") and states as follows:

1.      Progressive admits only that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the Florida Consumer Collections Practices Act (the "FCCPA"), but denies that Progressive violated the TCPA or the FCCPA or that Plaintiff is entitled to any relief whatsoever.

2.      The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations contained in paragraph 3 of the Complaint relate to a court decision, which speaks for itself.  To the extent the allegations in the Complaint differ from the court decision, they are denied.

4.      The allegations contained in paragraph 4 of the Complaint relate to a court decision, which speaks for itself.  To the extent the allegations in the Complaint differ from the court decision, they are denied.

5.      The allegations contained in paragraph 5 of the Complaint relate to an FCC publication, which speaks for itself.  To the extent the allegations in the Complaint differ from the publication, they are denied.

6.      Progressive admits only that Plaintiff purports to seek damages of more than $75,000.  Progressive denies that Plaintiff is entitled to any relief whatsoever.

7.      The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

8.      The allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

9.      The allegations contained in paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

10.     Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

12.     The allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

13.     The allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

14.     The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

15.     The allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

16.     Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint.

17.     The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

18.     Progressive denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

20.     Progressive denies the allegations contained in paragraph 20 of the Complaint.

21.     The allegations contained in the first sentence of paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  With respect to the allegations contained in the second sentence of paragraph 21 of the Complaint, Progressive lacks knowledge or information sufficient to admit or deny what facts

Plaintiff may testify to.  Progressive denies the remaining allegations contained in the second sentence of paragraph 21 of the Complaint.

22.    Progressive denies the allegations contained in paragraph 22 of the Complaint.

23.    The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required, to the extent a response is required, the allegations are denied.

24.    Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 because the term "autodialer calls" is undefined, vague and ambiguous.  Therefore, Progressive denies the allegations contained in paragraph 24 of the Complaint.

25.    Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 because the terms "financed from" and "belonged to" are undefined, vague and ambiguous.  Therefore, Progressive denies the allegations contained in paragraph 25 of the Complaint.

26.    Progressive denies the allegations contained in paragraph 26 of the Complaint.

27.    Progressive denies the allegations contained in paragraph 27 of the Complaint.

28.    Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of the Complaint.

29.    Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 of the Complaint.

30.    Progressive is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 30 of the Complaint because the terms "corporate policies," "automatic telephone dialing system," "auto dialer calls" and "the called party" are undefined, vague and ambiguous.  Therefore, Progressive denies the allegations contained in paragraph 30 of the Complaint.

31.    Progressive denies the allegations contained in paragraph 31 of the Complaint.

32.    Progressive denies the allegations contained in paragraph 32 of the Complaint.

33.    Progressive denies the allegations contained in paragraph 33 of the Complaint.

34.    Progressive are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 34 because the term "similar violations" is undefined, vague and ambiguous.  Therefore, Progressive denies the allegations contained in paragraph 34 of the Complaint.

35.     Progressive are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Complaint because the terms "numerous complaints," "automatic telephone dialing systems" and "revoked consent" are undefined, vague and ambiguous.  Therefore, Progressive denies the allegations contained in paragraph 35 of the Complaint.

36.     Progressive denies the allegations contained in paragraph 36 of the Complaint.

37.     Progressive denies the allegations contained in paragraph 37 of the Complaint.

38.     Progressive denies the allegations contained in paragraph 38 of the Complaint.

## COUNT I

39.     Progressive incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 38 of the Complaint.

40.     The allegations contained in paragraph 40 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

41.     Progressive denies the allegations contained in paragraph 41 of the Complaint.

42.    Progressive denies the allegations contained in paragraph 42 of the Complaint.

43.    Progressive denies the allegations contained in paragraph 43 of the Complaint.

## COUNT II

44.    Progressive incorporates by reference herein its responses to the allegations contained in paragraph 1 through 38 of the Complaint.

45.    The allegations contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

46.    Progressive denies the allegations contained in paragraph 46 of Complaint.

47.    Progressive denies the allegations contained in paragraph 47 of Complaint.

## COUNT III

48-52.  Count III has been dismissed.  To the extent a response is required, Progressive denies the allegations contained in paragraphs 48 through 52 of the Complaint.

## COUNT IV

53-56. Count III has been dismissed. To the extent a response is required, Progressive denies the allegations contained in paragraphs 53 through 56 of the Complaint.

Progressive denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As a First Affirmative Defense, Progressive states that the TCPA claims are barred to the extent that Plaintiff seeks to recover damages for any TCPA violations barred by the applicable statute of limitations.

### SECOND DEFENSE

As a Second Affirmative Defense, Progressive states that the TCPA claims are barred to the extent that Progressives had consent from authorized users to call the cellular telephone at issue.

### THIRD DEFENSE

As a Third Affirmative Defense, Progressive states that the TCPA does not authorize the recovery of attorney's fees.

### FOURTH DEFENSE

As a Fourth Affirmative Defense, Progressive states that the TCPA as applied here is unconstitutional and violates the First Amendment. *See e.g.,*

*Cahaly v. Larosa,* No. 14-1641, __ F.3d __ (4th Cir. 2015); *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015).

## FIFTH DEFENSE

As a Fifth Affirmative Defense, Progressive states that the TCPA claims are barred because Plaintiff has not sustained any actual damages or an injury in fact, and thus, does not have standing under Article III of the Constitution.

## SIXTH DEFENSE

As a Sixth Affirmative Defense, Progressive states that to the extent that Plaintiff's claim for damages seeks "willful" damages, that claim is barred as no calls were made in knowing violation of the TCPA and/or without consent.

## SEVENTH DEFENSE

As a Seventh Affirmative Defense, Progressive states that Plaintiff's claims under the TCPA are barred due to an absence any actual damages.  Hence, any statutory damages are an excessive fine and violate their rights under the Due Process and Takings Clauses of the United States Constitution and/or applicable state constitutions.

## EIGHTH DEFENSE

As an Eighth Affirmative Defense, Progressive states that Plaintiff's claim under the TCPA is barred because the alleged calls were not made using an

automatic telephone dialing system and/or predictive dialer and said calls were made with significant human intervention.

## NINTH DEFENSE

As a Ninth Affirmative Defense, Progressive states that Plaintiff's claims under the FCCPA are barred due to her absence of actual damages.

## TENTH DEFENSE

As a Tenth Affirmative Defense, Progressive states that Plaintiff's claims under the FCCPA are barred by the statute of limitations.

## ELEVENTH DEFENSE

As an Eleventh Affirmative Defense, Progressive states that the claims are barred as Plaintiff failed to mitigate her damages.

## THIRTEENTH DEFENSE

As its Thirteenth Affirmative Defense, Progressive states that the Complaint fails to state a claim upon which any relief may be granted.

## <u>RESERVATION OF RIGHTS</u>

Progressive reserves the right to modify and/or supplement its affirmative defenses as further information becomes available as the case progresses, in accordance with the deadlines set forth in the Court's scheduling order.

Date: November 24, 2015

*/s/ Justin Angelo*    ,
Justin Angelo,
Florida Bar No. 820741
angeloj@ballardspahr.com
BALLARD SPAHR LLP
919 3rd Avenue
New York, NY  10128
Telephone: 212-223-0200
Facsimile: 212-223-2447

*Counsel for Defendant*

OF COUNSEL:
Robert A. Scott
scottr@ballardspahr.com
BALLARD SPAHR LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: 410.528.5600
Facsimile: 410.528.5650

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2015, I served a copy of **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system upon the following parties:

> Frank H. Kerney III, Esquire
> Morgan & Morgan, P.A.
> 201 North Franklin Street, 7th Floor
> Tampa, FL  33602
> *Attorney for Plaintiff*

Dated:  November 24, 2015          */s/ Justin Angelo*
                                   Justin Angelo
                                   angeloj@ballardspahr.com
                                   BALLARD SPAHR LLP
                                   919 3rd Avenue
                                   New York, NY  10128
                                   Telephone: 212-223-0200
                                   Facsimile: 212-223-2447
                                   *Counsel for Defendant*